UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAVID WALTERS,

                Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of
Social Security Administration,

                Defendant.

CASE NO. C09-5005FDB

REPORT AND RECOMMENDATION

Noted for September 18, 2009

This matter has been referred to Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Magistrates Rule MJR 4(a)(4) and as authorized by <u>Mathews, Secretary of H.E.W. v. Weber</u>, 423 U.S. 261 (1976). This matter has been briefed, and after reviewing the record, the undersigned recommends that the Court remand the matter to the administration for further review.

## INTRODUCTION AND PROCEDURAL HISTORY

Plaintiff, David Walters, was born in 1957, and he was raised in Wesport and Aberdeen, Washington. He has two older brothers, has never married, and has no children. He has thirteen years of past experience working as a cannery worker and crab fisherman. He has been a

REPORT AND RECOMMENDATION - 1

manager of an RV park. Mr. Walters was last employed in 2005 for the Salvation Army in Austin, Texas for a year.

On October 18, 2005, plaintiff filed applications for both disability and supplemental social security benefits. Tr. 97-104. He alleged disability since February 20, 2004, due to arthritis in both hands, scoliosis, back and shoulder pain, Hepatitis C and depression. Tr. 116, 137, 145, 192. The matter was assigned to an administrative law judge ("ALJ"), who conducted an administrative hearing on March 11, 2008. Tr. 40-53.

On June 13, 2008, the ALJ issued a decision, denying plaintiff's applications for social security benefits. Tr. 24-39. The ALJ determined that Mr. Walters has three severe impairments: degenerative joint disease of the neck and back, Hepatitis C and affective disorder. Tr. 29. However, the ALJ further concluded that these impairments do not prevent plaintiff from performing his past relevant work as a cannery worker, and he is, therefore, not disabled. Tr. 38. The Appeals Council denied Mr. Walters' request for review, and consequently, the ALJ's decision is the final administrative decision of the Commissioner.

On January 5, 2009, plaintiff filed the Complaint, asking the court to review the ALJ's decision. Plaintiff alleges the ALJ committed certain errors and asks the court to either reverse the administrative decision, sending it back for determination of the appropriate award of benefits, or remanding the matter for further review. Plaintiff presents the following issues:

(i) Whether the ALJ properly considered Plaintiff's impairments and limitations at step-two of the administrative process;

(ii) Whether the ALJ properly considered the medical evidence, particularly the opinions of Dr. Mayers, Dr. Krueger and Dr. Heilbrunn;

(iii) Whether the ALJ failed to include all of Plaintiff's limitations, including fatigue and Dr. Clifford's non-exertional limitations, in his assessment of Plaintiff's residual functional capacity; and

REPORT AND RECOMMENDATION - 2

(iv) Whether the ALJ properly discredited the lay witness evidence.

After carefully reviewing the briefing and record, the court finds the ALJ failed to properly consider the evidence at step-two of the administrative process. Accordingly, the ALJ consideration of plaintiff's residual functional capacity was equally flawed, and the matter should be remanded to the administration for further proceedings.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. Bayliss v. Barnhart, 427 F.3d 1211, 1214 (9th Cir.2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir.1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir.1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. Id.

Plaintiff bears the burden of proving that he or she is disabled within the meaning of the Social Security Act (the "Act"). Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Plaintiff is disabled under the

REPORT AND RECOMMENDATION - 3

Act only if his or her impairments are of such severity that he or she is unable to do her previous work, and cannot, considering his or her age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

## DISCUSSION

### A. *The ALJ Improperly Evaluated Plaintiff's "Severe" Impairments*

Plaintiff alleges that the ALJ should have found that his vision and hand impairments were "severe" impairments. The undersigned agrees.

Step-two of the administration's evaluation process requires the ALJ to determine whether an impairment is severe or not severe. 20 C.F.R. §§ 404.1520, 416.920 (1996). The step-two determination of whether a disability is severe is merely a threshold determination of whether the claimant is able to perform his past work. Hoopai v. Astrue, 499 F.3d 1071, 1076 (9th Cir. 2007). A finding that a claimant is severe at step-two only raises a prima facie case of a disability. Id. *See also* Tackett v. Apfel, 180 F.3d 1094, 1100 (9th Cir.1999).

An impairment is "not severe" if it does not "significantly limit" the ability to do basic work activities. 20 C.F.R. §§ 404.1521(a), 416.921(a). The Social Security Regulations and Rulings, as well as case law applying them, discuss the step-two severity determination in terms of what is "not severe." According to the Commissioner's regulations, "an impairment is not severe if it does not significantly limit [the claimant's] physical ability to do basic work activities." 20 C.F.R. §§ 404.1520(c), 404.1521(a)(1991). Basic work activities are "abilities and aptitudes necessary to do most jobs, including, for example, walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling." 20 C.F.R. § 140.1521(b); Social Security Ruling 85-28. An impairment or combination of impairments can be found "not severe"

REPORT AND RECOMMENDATION - 4

only if the evidence establishes a slight abnormality that has "no more than a minimal effect on an individual's ability to work." Yuckert v. Bowen, 841 F.2d 303, 306 (9th Cir.1988)(*adopting SSR 85-28*). The step-two analysis is "a *de minimis* screening device to dispose of groundless claims," Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir.1996).

As noted above, the ALJ found Plaintiff had the following three severe impairments: degenerative joint disease of the neck and back, Hepatitis C and affective disorder. Tr. 29. The ALJ considered Plaintiff's allegations of hand limitations, but did not find them to be "severe." The ALJ failed to mention, incorporate, or consider, Plaintiff's vision impairment.

The record contains sufficient step-two evidence to support Plaintiff's prima facie cases of "severe" impairment due to his poor vision and complaints of hand pain. For instance, Dr. Heilbrunn, who examined and evaluated plaintiff on September 27, 2007, concluded:

> He is able to use his arms for below-shoulder-level reaching, but cannot accomplish above-shoulder-level reaching with either arm. He is limited in lifting to a maximum of 3-4 lbs. with either hand on a frequent basis, **as measured in the examination**.
> The claimant is limited with both hands in firm grasping. He was able to accomplish fine and dexterous movements and manipulating actions.

Tr. 296 (emphasis added). Dr. Heilbrunn also found plaintiff's vision limitations, commenting that plaintiff is unable to read a computer screen, very small print, or ordinary newspaper or book print. Tr. 297.

Defendant argues the ALJ properly discounted the opinion of Dr. Heilbrunn, and thus, there is very little evidence other than Plaintiff's allegations to support a severe impairment due to vision or hand strength problems. A review of the decision reflects that the ALJ improperly discounted Dr. Heilbrunn primarily because "this opinion is fraught with limitations based on the claimant's subjective reports." Tr. 37. The ALJ specifically rejected Dr. Heilbrunn's opinion

REPORT AND RECOMMENDATION - 5

regarding plaintiff's alleged hand impairment because "these limitations are not substantiated by his exam or the record as a whole."

The undersigned finds error in the ALJ's decision. A careful review of Dr. Heilbrunn's report indicates Dr. Heilbrunn conducted objective tests to evaluate and confirm Plaintiff's complaints of hand pain and limited use. Dr. Heilbrunn specifically stated he measured plaintiff's ability to lift, and found it only to be in the 3-4 pound range. The ALJ improperly discounted Dr. Heilbrunn's opinion, and in so doing, the ALJ improperly evaluated whether or not Plaintiff's hand pain and limited use is a "severe" impairment.

The ALJ also erred when he failed to mention or consider Plaintiff's vision problems in the step-two analysis. Defendant acknowledges that the ALJ "probably should have addressed Plaintiff's alleged visual limitations more expressly" (Defendant's Brief (Doc.#14) at 11), but argues the ALJ's error was harmless. The undersigned disagrees. An error is harmless when the ALJ's decision remains legally valid. Carmickle v. Comm'r Soc. Sec. Admin., 533 F.3d 1155, 1162 (9th Cir. 2008). Here, the ALJ's error may have precluded a finding that plaintiff retained the ability to do his past relevant work as a cannery worker. According to the Dictionary of Occupational Titles (DOT), which is relied on by both parties to support their arguments, plaintiff's past relevant work as a cannery worker requires frequent "near acquity". DOT # 529.686-014, available at 1991 WL 674719. Dr. Hielbrunn states Plaintiff is unable to read a computer screen, very small print or ordinary newspaper or book print. The ALJ did not incorporate or ask a vocational expert to consider possible vision limitations on plaintiff's ability to perform a job that requires frequent "near acquity". The court cannot find such an error harmless.

## B. The ALJ Improperly Evaluated The Medical Opinion Evidence

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. Lester v. Chater, 81 F.3d 821, 830 (9th Cir.1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." Id. at 830-31. However, the ALJ "need not discuss all evidence presented" to him or her. Vincent on Behalf of Vincent v. Heckler, 739 F.3d 1393, 1394-95 (9th Cir.1984) (citation omitted). The ALJ must only explain why "significant probative evidence has been rejected." Id.

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. Lester, 81 F.3d at 830. On the other hand, an ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." Batson v. Comm'r Soc. Sec. Admin 359 F.3d 1190, 1195 (9th Cir.2004); Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir.2002); Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir.2001). An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." Lester, 81 F.3d at 830-31. A non-examining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record." Id. at 830-31; Tonapetyan, 242 F.3d at 1149.

The ALJ is entitled to resolve conflicts in the medical evidence. Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987). The ALJ may not, however, substitute his or her own opinion for that of qualified medical experts. Walden v. Schweiker, 672 F.2d 835, 839 (11th Cir. 1982). If a treating doctor's opinion is contradicted by another doctor, the Commissioner may not reject

REPORT AND RECOMMENDATION - 7

this opinion without providing "specific and legitimate reasons" supported by substantial evidence in the record for doing so. Murray v. Heckler, 722 F.2d 499, 502 (9th Cir. 1983). "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." Lester, 81 F.3d at 831. In Magallanes v. Bowen, 881 F.2d 747, 751-55 (9th Cir. 1989), the Ninth Circuit upheld the ALJ's rejection of a treating physician's opinion because the ALJ relied not only on a nonexamining physician's testimony, but in addition, the ALJ relied on laboratory test results, contrary reports from examining physicians and on testimony from the claimant that conflicted with the treating physician's opinion.

As noted above, the undersigned has already found that the ALJ erroneously discounted the opinion of Dr. Heilbrunn, by failing to take into account Dr. Heilbrunn's testing and evaluation of Plaintiff's hand limitations. This failure precludes the ALJ from rejecting that opinion for a lack of objective evidence.

Plaintiff argues that the ALJ also erred when he rejected the opinions of Dr. Krueger and Dr. Mayers. Plaintiff states:

> The opinions of Dr. Mayers and Dr. Krueger are significant because they each conducted their own independent medical and psychological evaluations, and reached similar conclusions. Dr. Mayers assessed a very low GAF score of 49 and thought that Mr. Walters' prognosis was limited. (Tr. 291). Dr. Krueger did a more detailed analysis, finding marked impairment in Mr. Walters' ability to tolerate the expectations of a normal work setting and to deal with public interactions (along with several other "moderate" limitations, Tr. 241). The ALJ's refusal to consider these limitations, instead substituting his own psychiatric opinions, was legal error.

Plaintiff's Opening Brief at 13.

The ALJ discounted the opinions of Dr. Mayers and Dr. Krueger, as he discounted the opinion of Dr. Heilbrunn, because they were "largely based on Plaintiff's non-credible subjective

REPORT AND RECOMMENDATION - 8

complaints (Tr. 36, 37)." Defendant's Response Brief at 7. It further appears the ALJ relied on the opinion of Dr. Clifford, who did not examine plaintiff, rather than Dr. Mayers, Dr. Krueger or Dr. Heilbrunn. Tr. 34, 37. The ALJ stated Dr. Clifford's assessment supported mostly mild limitations and only moderate limitations regarding concentration, persistence, and pace. Tr. 34.

The court finds the ALJ's committed legal error when he relied on Dr. Clifford's opinion, rather than on medical experts who actually examined and tested plaintiff. Also, even though the ALJ chose to accept the assessment of Dr. Clifford, the ALJ failed to include of Dr. Clifford's moderate limitations into the ALJ's conclusions. Accordingly, the ALJ erred when he evaluated the medical evidence, and on remand, the medical opinion evidence should be reconsidered. The administration may need to retain a medical expert to review the record to assist in determining the extent of plaintiff's mental limitations.

### C. *The ALJ Failed To Consider All Possible Limitations In Assessing Plaintiff's Residual Functional Capacity*

"[R]esidual functional capacity" (RFC) is "the maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs." 20 C.F.R. § 404, Subpart P, App. 2 § 200.00(c) (emphasis added). In evaluating whether a claimant satisfies the disability criteria, the Commissioner must evaluate the claimant's "ability to work on a sustained basis." 20 C.F.R. § 404.1512(a). The regulations further specify: "When we assess your physical abilities, we first assess the nature and extent of your physical limitations and then determine your residual functional capacity for work activity on a regular and continuing basis." Id. at § 404.1545(b). If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted. 20 CFR §§ 404.1527, 416.927.

Assessing plaintiff's RFC, the ALJ in this matter found Mr. Walters could perform medium level work, except that he could not have more than occasional contact with the public and only jobs that required no greater than a SVP[1] of 3. Tr. 34.

As discussed above, the court finds that the ALJ erred at step-two of the evaluation process, which failed to take into account possible severe impairments due to plaintiff's poor vision and alleged hand strength and use limitations. On this basis alone plaintiff's RFC should be reconsidered.

Plaintiff also argues that the ALJ's RFC should be reconsidered because the ALJ failed to take into account plaintiff's fatigue associated with Hepatitis C and the non-exertional limitations assessed by Dr. Clifford. The court notes that the ALJ included Hepatitis C as a severe impairment, but it does not appear the ALJ assigned any limitations based on this disease. Plaintiff argues fatigue is a common result of Hepatitis C, which was alleged by plaintiff and supported by the statements of Mr. Steadman. On remand, a medical expert may be needed to properly develop the record regarding plaintiff's fatigue, which may be associated with his Hepatitis C.

In addition, the administration should reconsider the opinion and report of Dr. Clifford. Dr. completed a "check box" mental residual functional capacity assessment on May 24, 2006, in which he found several moderate level non-exertional limitations. Tr. 251-68 (Administrative Exhibit Nos. 9F and 10F). As noted above the ALJ relied heavily on Dr. Clifford's assessment, finding that plaintiff was moderately limited regarding social functioning, concentration,

---

[1] Specific Vocational Preparation ("SVP"), as defined in Appendix C of the Dictionary of Occupational Titles, is the amount of lapsed time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job-worker situation.

REPORT AND RECOMMENDATION - 10

persistence and pace. Tr. 34. However, the moderate limitations found by Dr. Clifford and noted by the ALJ were not included in plaintiff's RFC. The ALJ did not explain this omission.

After reviewing the record, the undersigned concludes that the ALJ's RFC finding failed to take into account vision and hand limitations that could affect plaintiff's ability to perform work. Additionally, on remand the administration should review plaintiff's fatigue and all of the non-exertional limitations assessed by Dr. Clifford when plaintiff's RFC is re-evaluated.

### *D. The ALJ Properly Considered the Lay Witness Evidence in the Record*

Lay testimony regarding a claimant's symptoms "is competent evidence that an ALJ must take into account," unless the ALJ "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001). An ALJ may discount lay testimony if it conflicts with the medical evidence. Id.; Vincent v. Heckler, 739 F.2d 1393, 1395 (9th Cir. 1984) (proper for ALJ to discount lay testimony that conflicts with available medical evidence). In rejecting lay testimony, the ALJ need not cite the specific record as long as "arguably germane reasons" for dismissing the testimony are noted, even though the ALJ does "not clearly link his determination to those reasons," and substantial evidence supports the ALJ's decision. Lewis, 236 F.3d at 512.

Plaintiff argues that the ALJ erroneously rejected the statements and observations of Erica Tyler, a neighbor, Judy Stigall, a friend, and Ken Steadman, one of plaintiff's two older brothers. Specifically, plaintiff argues the ALJ applied the wrong legal standard, rejecting the lay witness evidence because the ALJ said, "Subjective testimony must also be supported by objective medical findings . . . ." Tr. 36. This argument is taken out of context and is not persuasive. For instance, the ALJ explained that he was rejecting the lay witness statements on the same basis that he rejected plaintiff's credibility. Tr. 36.

REPORT AND RECOMMENDATION - 11

The ALJ provided germane reasons and reasonably explained why he did not accept or fully credit the lay witness statements. Nonetheless, because the ALJ erred in assessing plaintiff's severe impairments at step-two, it is appropriate to direct the administration to reconsider plaintiff's and the lay witnesses' statements and/or testimony in light of a new step-two analysis.

## CONCLUSION

Based on the foregoing discussion, the Court should remand the matter for further review. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **September 18, 2009, as noted in the caption.**

DATED this 25th day of August, 2009.

J. Richard Creatura
United States Magistrate Judge